UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIK M. HICKS,

   *Plaintiff*,

v.

DC WATER & SEWER AUTHORITY,

   *Defendant*.

Civil Action No. 24-2288 (TJK)

### MEMORANDUM OPINION

In December 2022, officials at the District of Columbia Water and Sewer Authority recommended that Erik Hicks be promoted and receive an accompanying salary increase, but that promotion has not materialized. So Hicks sued, claiming that the delay of his promotion was caused by discrimination based on his race, color, and age. His employer moves to dismiss for failure to state a claim. The Court agrees that Hicks, proceeding pro se, has not alleged facts sufficient to allow a plausible inference that these events were caused by unlawful discrimination. Thus, the Court will grant the motion and dismiss the case.

**I.**  **Background**

According to the complaint, Hicks, a 58-year-old "medium-skinned" black man, has worked for the District of Columbia Water and Sewer Authority ("DC Water") since at least 2013. ECF No. 1-2 at 7; ECF No. 12 at 2, 3.[1] By 2022, he held the Grade 16 position of Supervisor, Field Technician. ECF No. 1-2 at 6, 7. In December of that year, several DC Water officials

---

[1] Because Hicks is proceeding pro se, the Court must "consider all of his allegations—including those in [his] opposition to [DC Water]'s motion to dismiss." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015).

recommended that he and five other employees—Brian Wilson, Francis Peters, Mark Landry, Michael Collins, and Stanley Henry—be promoted to the Grade 17 position of Supervisor, Field Inspection. *Id.* The written recommendation reflects a determination that Hicks and these other employees performed the same tasks as Dexter Holmes—the only employee holding the Grade 17 Supervisor, Field Inspection position—so they all "should receive the same salary" and hold the same position. *Id.* at 5–6. But Hicks alleges that DC Water never followed through. ECF No. 1 at 5–6. Instead, by June 2023, the recommendation was still being reviewed by DC Water personnel. *Id.* According to Hicks, DC Water delayed resolving his promotion recommendation even though two white Grade 16 employees who were not included in the recommendation—Timothy Vaneman and Calwood Somers—received salary increases "without delay" at some unidentified time. *Id.*; ECF No. 12 at 2.

In August 2023, Hicks filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that DC Water's failure to honor the recommendation showed race, color, and age discrimination. ECF No. 1 at 5. In May 2024, the EEOC issued Hicks a right-to-sue letter. *Id.* About three months later, Hicks sued DC Water for discrimination (1) on the basis of his race and color under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and (2) on account of his age, under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* ECF No. 1 at 3, 4.

DC Water now moves to dismiss Hicks's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Hicks has failed to plausibly allege that he was a victim of unlawful discrimination. ECF No. 9. Hicks opposes and, following DC Water's reply, moved to file a surreply. ECF Nos. 12, 15.[2]

---

[2] DC Water has not opposed Hicks's motion to file a surreply, so the Court will grant it.

## II.    Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff states a facially plausible claim when he pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true "all well-pleaded factual allegations" and "construes reasonable inferences from those allegations in the plaintiff's favor." *Sissel v. HHS*, 760 F.3d 1, 4 (D.C. Cir. 2014). But "mere conclusory statements" are not enough to establish a plausible claim, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Since Hicks is proceeding pro se, the Court must construe his complaint liberally. *See Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017). And the Court must consider not only the facts in his complaint, but also those he presented in opposing DC Water's motion to dismiss. *See Watson v. D.C. Water & Sewer Auth.*, 249 F. Supp. 3d 462, 464 (D.D.C. 2017); *Brown*, 789 F.3d at 152. Ultimately, though, a pro se plaintiff still must plead a plausible claim to avoid dismissal. *See Odutola v. Branch Banking & Tr. Co.*, 321 F. Supp. 3d 67, 73 (D.D.C. 2018).

## III.    Analysis

The "essential elements of a discrimination claim are that (i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's race, color, religion, sex, national origin, age, or disability." *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). And although a plaintiff need not plead all the elements of a prima facie case of discrimination, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), the factual allegations in the complaint must give rise to a plausible inference of discrimination, *Gordon v. U.S. Capitol Police*, 778 F.3d 158, 161–64 (D.C. Cir. 2015). "[A]t the motion-to-dismiss stage, the guiding lodestar is whether, assuming the truth

3

of the factual allegations, taken collectively, . . . the inferences of discrimination drawn by the plaintiff are reasonable and plausibly supported." *Townsend v. United States*, 236 F. Supp. 3d 280, 298 (D.D.C. 2017). This is a low bar, and "the factual detail required to survive a motion to dismiss can be quite limited." *Hill v. Bd. of Trs. of Univ. of D.C.*, 146 F. Supp. 3d 178, 184 (D.D.C. 2015). Still, the plaintiff must have "alleged facts that, taken as true, render his claim of [discrimination] plausible." *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 70 (D.C. Cir. 2015).

DC Water does not contest that Hicks has plausibly alleged an adverse employment action insofar as he has not received the promotion and salary increase for which he was recommended in December 2022. Rather, with respect to both his Title VII and ADEA claims, DC Water argues that has not alleged facts sufficient to allow a plausible inference that DC Water discriminated against him based on a protected characteristic. The Court agrees.

### A.   Title VII Claims

Hicks alleges that DC Water discriminated against him under Title VII based on his race and color. He claims that DC Water's delay in resolving his promotion recommendation shows that he was treated worse than two of his white co-workers who were promoted expeditiously. ECF No. 1 at 5; ECF No. 12 at 2. Thus, he proceeds mainly on a comparator theory. He is right that "[t]he dissimilar treatment of a similarly situated comparator without the protected characteristic" can support an inference of discrimination. *Bilal v. Metro. Police Dep't*, No. 25-cv-189, 2025 WL 1917959, at *3 (D.D.C. July 11, 2025). But "[t]o nudge a claim from speculative to plausible, the comparator must be 'similarly situated to the plaintiff in at least some relevant respects.'" *Id.* (quoting *Joyner v. Morrison & Foerster LLP*, 140 F.4th 523, 531 (D.C. Cir. 2025)). "The traits a [plaintiff] must plead about comparators to provide a benchmark against which the court can make such a determination will vary widely from case to case," but he must at least provide enough for the Court to "infer more than the mere possibility of misconduct." *Joyner*, 140

4

F.4th at 531–532 (quotation omitted).

Hicks has not done so.  He alleges that his primary comparators—Vaneman and Somers—are white Grade 16 employees who were given almost 20% salary increases "without delay."  ECF No. 12 at 2.  But that is all Hicks alleges about these two co-workers, who—to repeat—were not included in the group (that included Hicks) that was recommended for a promotion and salary increase.  Indeed, Hicks has not alleged why he, Vaneman, and Somers are similarly situated in *any* relevant respect.

To begin, "the factual allegations do not show that [Hicks] and his comparators worked in the same position in a meaningful sense."  *Joyner*, 140 F.4th at 532.  Though he alleges in a conclusory fashion that he and these co-workers were "similarly situated in terms of job responsibilities and qualifications," ECF No. 12 at 2, he alleges no factual basis for this conclusion.  In fact, the limited information he provides cuts the other way.  For example, he notes that he "oversees five direct reports," while "[n]either Vaneman nor Somers supervises any direct reports."  *Id.*  Hicks also alleges that he was recommended for a salary increase *and* a promotion to the Grade 17 position of Supervisor, Field Inspection, while Vaneman and Somers only received a salary increase in their Grade 16 positions.  And he does not allege that they hold the same Grade 16 position he currently does—Supervisor, Field Technician.  So Hicks's complaint "allege[s] only that he and his comparators were [Grade 16 employees] working at the same" company when they were allegedly treated differently.  *Joyner*, 140 F.4th at 532.  But when "the only information" a plaintiff provides is that an "ambiguous" "co-worker" of a different race was treated differently in some way, he "has failed to state a claim for disparate treatment discrimination, and the Court must therefore dismiss [his] claim."  *Budik v. Howard Univ. Hosp.*, 986 F. Supp. 2d 1, 7 (D.D.C. 2013).

Similarly, "[Hicks]'s complaint does not allege that the same supervisor or supervisors were responsible for deciding" to approve Vaneman's and Somers's salary increases while delaying Hicks's promotion, which is another "relevant consideration" in determining whether they are similarly situated. *Joyner*, 140 F.4th at 533. He alleges that two DC Water officials—William Elledge and Chad Carter—authorized Vaneman's and Somers's salary increases. ECF No. 12 at 2. But he has not alleged that the same officials are responsible for the delay or denial of *his* promotion recommendation. Indeed, Elledge recommended Hicks for his promotion. ECF No. 1 at 5. And Hicks attached a Personnel Action Report Form to his complaint showing that Carter *approved* his promotion. ECF No. 1-2 at 7–8.[3]

Beyond Vaneman and Somers, Hicks also argues that Holmes—the Grade 17 employee who currently holds one of the Supervisor, Field Inspection positions that Hicks seeks—is a proper comparator.[4] ECF No. 12 at 3. According to Hicks, Holmes was given a salary increase without delay in July 2023. But this argument runs into several hurdles too. To begin, Hicks must identify a "similarly situated comparator *without* the protected characteristic." *Bilal*, 2025 WL 1917959, at *3 (emphasis added). But Holmes is also a black man. ECF No. 12 at 3. So he cannot be a proper comparator for Hicks's race-based claim. Furthermore, like with Vaneman and Somers, Hicks has not alleged that Holmes sought promotion to a new position or grade, rather than an

---

[3] Hicks alleges that Carter "challenged [Hicks's] compensation increase and promotion," ECF No. 1 at 5, but to the extent that Hicks suggests that Carter was responsible for any delay or denial at the time he sued, that is "flatly contradicted by the . . . exhibits accompanying the initial complaint" showing that Carter approved Hicks's promotion. *Scott v. United States*, 608 F. Supp. 2d 73, 80 (D.D.C. 2009). And the Court may disregard "the complaint's factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice." *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004).

[4] Hicks also identifies Holmes as *his own* supervisor, or at least that DC Water's internal systems reflect that he is, ECF No. 12 at 4–5, even as the written recommendation found them to be doing the same job, ECF No. 1-2 at 6.

increase in salary only. Nor has he alleged that the same supervisors were responsible for both decisions. So Hicks's allegations related to Holmes do not raise an inference of race-based discrimination either.[5]

Hicks next identifies the five others who were recommended for a promotion and salary increase along with him as potential comparators. But he alleges nothing about the races or colors of these co-workers, so the Court cannot determine whether they are "without the protected characteristic." *Bilal*, 2025 WL 1917959, at *3. Just as important, to create an inference of discrimination, Hicks must allege that these co-workers were treated differently from him, *id.*, but he has not done so. To the contrary, he alleges that they were recommended for the same promotion and that they "have experienced similar employment status issues." ECF No. 12 at 3.

In sum, Hicks's "general allegations about [these] comparators do not provide a meaningful benchmark against which to assess whether [DC Water]'s treatment of him was . . . motivated" by race or color. *Joyner*, 140 F.4th at 533. So the Court can do no more than "infer . . . the mere possibility of misconduct." *Id.* (quotation omitted). That is not enough to state a claim.

Apart from comparators, Hicks offers a few other scattered allegations that he says are enough to allow a plausible inference that DC Water discriminated against him based on race or color. None comes close. For example, he references DC Water's "past practices" regarding compensation and promotions, ECF No. 12 at 4, and alleges that DC Water's decision to obtain a second consultant's opinion about its compensation structure contributed to delaying the

---

[5] Hicks also alleges that he was discriminated against because of his "color." ECF No. 1 at 4. He does not press any argument that he has plausibly alleged a discrimination claim based on his color that would survive even if his race claim does not. But even if Hicks, who alleges that he is "medium-skinned," could be considered to have a different protected characteristic from Holmes, who is allegedly "light-skinned," his allegations about Holmes do not create an inference of color-based discrimination because Holmes is not an apt comparator for the other reasons explained above.

consideration of his promotion and raise, *id.* at 5; ECF No. 1 at 5.  But none of these allegations even hint at discrimination based on race or color.  Hicks also says that an email from Elledge "highlights past favoritism and suggests that [Hicks]'s delayed promotion was discriminatory." ECF 12 at 2.  In that email, Elledge notes that DC Water personnel have taken an unusually long time in resolving Hicks's promotion recommendation.  ECF No. 12-1 at 2.  But this too says nothing that supports a plausible inference that DC Water discriminated against Hicks based on race or color.  At most, it might raise the "mere possibility of misconduct." *Joyner*, 140 F.4th at 533 (quotation omitted).  But nothing in the complaint nudges the likelihood of discrimination from the possible to the plausible.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

For these reasons, Hicks's Title VII claims must be dismissed.[6]

**B.     ADEA Claims**

Hicks's ADEA claims fail for the same reason: he has not plausibly alleged that any disparate treatment he received was based on his age.  "To prevail on an ADEA discrimination claim, the plaintiff must establish (1) that he 'suffered an adverse employment action' and (2) that his employer took that action 'because of' his age."  *Sagar v. Mnuchin*, 305 F. Supp. 3d 99, 108 (D.D.C. 2018) (quoting *Brady v. Off. of Sergeant at Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008)), *aff'd*, No. 18-5183, 2019 WL 667201 (D.C. Cir. Jan. 29, 2019).  To raise an inference of discrimination, Hicks relies on four of the same alleged comparators who were recommended for a

---

[6] In his opposition, Hicks also alleges for the first time that DC Water subjected him to a hostile work environment.  ECF No. 12 at 5–6.  But Hicks has not plausibly alleged that DC Water discriminated against him because of any protected characteristic.  Thus, even repackaged as a hostile-work-environment claim, these claims fail.

promotion and salary increase along with him: Wilson (age 46), Peters (58), Landry (61), and Henry (34). ECF No. 12 at 3. But as explained above, Hicks has not alleged that they were treated differently than him. So Hicks's allegations about these four co-workers do not raise an inference of age discrimination. *Bilal*, 2025 WL 1917959, at *3. Hicks also alleges that "younger employees received timely promotions and salary adjustments." ECF No. 12 at 4.[7] But this conclusory and unsupported assertion does not explain how any of these unidentified employees "are in fact 'similarly situated' in some meaningful respect," such that it supports an inference of age discrimination. *Joyner*, 140 F.4th at 531.

For these reasons, the Court will dismiss Hicks's ADEA claims, as well.[8]

## IV.   Conclusion

For all the above reasons, the Court will grant Hicks's Motion for Leave to File a Surreply and DC Water's Motion to Dismiss. A separate order will issue.

/s/ Timothy J. Kelly<br>
TIMOTHY J. KELLY<br>
United States District Judge

Date: August 25, 2025

---

[7] If Hicks intended to include Vaneman and Somers in this group of unidentified employees, his allegations about them do not support an inference of age discrimination. Hicks does not allege their ages, and they remain inadequate comparators for the other reasons discussed above.

[8] Hicks also asks the Court to deny DC Water's motion because he is "unable to fully compare the treatment of employees over and under the age of 40" without discovery. ECF No. 12 at 3. But the federal rules "do[] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Because Hicks has failed to come forward with factual allegations sufficient to allow a plausible inference that he has suffered unlawful discrimination, "he is not entitled to discovery." *Id.* at 686.